# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 07-CR-30142-WDS |
| BOBBY ROBINSON, | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is defendant's motion for retroactive application of the Advisory Sentencing Guidelines pursuant to the 2011 amendments (Doc. 34). The Court appointed Assistant Federal Public Defender Daniel Cronin to represent the defendant. He now seeks to withdraw because the defendant is not eligible for the relief he seeks as he is currently serving a sentence at the mandatory statutory minimum (Doc. 38).

The defendant was sentenced, after a plea of guilty, to a total of 120 months imprisonment on Count 1, possession with intent to distribute cocaine base. The Stipulation of Facts provided that the defendant possessed 83.2 grams of crack cocaine. At the time of sentencing, the Court noted that the defendant was being sentenced to the mandatory minimum sentence of 120 months. Section 3582(c)(2) permits a court to reduce the term of imprisonment if the sentencing range "has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Application Note 1(A) of U.S.S.G. § 1B1.10 provides that a reduction is inconsistent with that policy statement if "the amendment does not have the effect of lowering the applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory

mandatory minimum term of imprisonment)." *See United States v. Robinson*, 2012 WL 3990741 *2 (7th Cir. Sept. 7, 2012) (*citing United States v. Forman*, 553 F.3d 585, 588 (7th Cir.2009); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir.2008); *United States v. Osborn*, 679 F.3d 1193, 1195 n. 1 (10th Cir.2012)). In this case, the mandatory minimum applies, and, therefore, the defendant is not entitled to relief under the Amendments to the Sentencing Guidelines.

Therefore, upon review of the record, the Court **FINDS** that the defendant is not entitled to the relief he seeks and his motion for retroactive application of the Advisory Sentencing Guidelines (Doc. 34) is **DENIED** as the relief he seeks is not available under any of the amendments to the Sentencing Guideline range. Counsel's motion to withdraw (Doc. 37) is **GRANTED**.

**IT IS SO ORDERED.**

**DATE:    11 October, 2012**

                                                **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**